446 So.2d 1233 (1983)
STATE of Louisiana
v.
Bernard HAYES, Jr.
No. KA-0371.
Court of Appeal of Louisiana, Fourth Circuit.
June 1, 1983.
On Rehearing September 20, 1983.
On Rehearing February 6, 1984.
On Rehearing March 1, 1984.
*1234 Harry F. Connick, Dist. Atty., John H. Craft, William R. Campbell, Asst. Dist. Attys., New Orleans, for State, appellee.
Daniel S. Foley, New Orleans, for Bernard Hayes, appellant.
Before WARD, WILLIAMS and LOBRANO, JJ.
WARD, Judge.
The defendant, Bernard Hayes, was indicted by an Orleans Parish Grand Jury for the second degree murder of his son, Bernard Dennis. La.R.S. 14:30.1. Hayes waived his right to a trial by jury and was tried by a judge. Hayes was found guilty of manslaughter and was sentenced to 21 years imprisonment. La.R.S. 14:31. On appeal, Hayes requests the Court to review the record for errors patent, and he argues five assignments of error. We do not reach the issues raised by his various specific assignments of error because our review of the record reveals that the Trial Judge may have erroneously decided the defendant's guilt on the basis of an incorrect appreciation of the applicable legal principles. Accordingly, we reverse and remand.
The State's case against Hayes rests almost exclusively on circumstantial evidence. La.R.S. 15:438 provides that in order to base a conviction on circumstantial evidence, assuming every fact to be proved that the evidence tends to prove, it must exclude every reasonable hypothesis of innocence. The Trial Judge's pre-sentencing monologue indicates that this standard may not have been applied by the Trial Judge in assessing the circumstantial evidence against Hayes.
A brief summary of the facts revealed at trial will show the importance of circumstantial evidence in this case. The two year old victim, Bernard Dennis, was the son of Bernard Hayes and Elizabeth Dennis. On March 6, 1981, the child was unable to attend nursery school because he had chicken pox. His mother asked Hayes, who did not live with the mother, to babysit the child while she went to school and to work. Hayes picked the child up from Ms. Dennis early in the morning and Hayes and the child spent the day visiting one of Hayes' friends, Joe Wilson, at Wilson's apartment. Wilson left Hayes and the child alone briefly twice during the day. When Hayes returned the child to Ms. Dennis around five that afternoon, the child was unconscious and had several bruises on his head. He never regained consciousness and died two days later.
The State sought to prove that the child died of child abuse, specifically, forceful blows to the head, and they presented much medical evidence in support of their theory. The State presented no direct evidence that Hayes purposeful injured the child, however, and Hayes denies striking the child. He admits to administering minimal physical discipline on two occasions; once when the child spilled his milk and once when the child used profanity.
As a reasonable hypothesis of innocence, the defense sought to show by evidence during the trial that the child received the head injuries in an accident when the defendant accidentally slammed a door and struck the child. According to the defense's theory, the child fell off a bed while alone in a bedroom and struck his head either on a mantle or on a protruding capped gas pipe. The child then attempted to leave the bedroom, possibly searching for his father, who was at that time trying to open a jammed bedroom door. While Hayes was pushing and pulling the door to jar it loose, the child allegedly wandered partially through the slightly opened door and was caught between the door and the door frame when Hayes unknowingly forced the door closed, injuring the child. The defense produced several medical experts who testified that the child's head injuries could have been caused in such a manner. Additionally, the defense sought to show through expert medical testimony that the child's death could have resulted from Reyes Syndrome, Infantile Diabetes, or Viral Encephalitis.
*1235 On appeal, the defendant argues that the evidence was insufficient to convict, either under the Constitutional standards of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), or State v. Shapiro, 431 So.2d 372 (La.1983), but we do not reach that issue because our examination of the record leaves us with a serious doubt as to whether the fact finder applied the appropriate legal standard in assessing the sufficiency of the circumstantial evidence against Hayes. At the close of the trial, the Judge indicated for the record that he would charge himself on the law of circumstantial evidence. In order to base a conviction on circumstantial evidence, assuming every fact to be proved that the evidence variously offered by both sides tends to prove, it must exclude every reasonable hypothesis of innocence. La. R.S. 15:438, State v. Shapiro, 431 So.2d 372 (La.1983). In his pre-sentence monologue, however, the Judge did not discuss his decision in terms of whether the evidence had excluded every reasonable hypothesis of innocence. Rather, he explained his decision in terms of "reasonable doubt":
This Court ... ultimately determined that the appropriate verdict, beyond a reasonable doubt in this case, was guilty of manslaughter.
... The Court realizes that circumstantial evidence played a significant part in this case. But, the Court ultimately resolved in its mind beyond a reasonable doubt, that this defendant was actively responsible ... for the trauma that was inflicted upon that little child. (Emphasis ours).
Although application of the appropriate standard for sufficiency of circumstantial evidence may have yielded the same result, it appears that the Trial Court did not base its determination of guilt on that standard, and we are not at liberty to presume what the fact finder's assessment of evidence would be under the appropriate standard.
Accordingly, we reverse for trial error, as distinguished from evidentiary insufficiency. Thus, our reversal does not constitute a decision that the government has failed to prove its case. Because our reversal is based on trial error, it would not violate double jeopardy principles to retry the defendant. Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).
REVERSED AND REMANDED.
WILLIAMS, J., dissents with written reasons.
WILLIAMS, Judge, dissenting.
I respectfully dissent.
The distinctions drawn by the Louisiana Supreme Court in State v. Shapiro, 431 So.2d 372 (La.1983) (No. 81-KA-1905) and followed by the majority, between the standards of "beyond a reasonable doubt" and the "exclusion of every reasonable hypothesis of innocence" are simply a matter of semantics, or, as noted by Judge Wisdom, "merely verbalistic distinctions." United States v. Warner, 441 F.2d 821 (5th Cir. 1971), as quoted in United States v. Bright, 541 F.2d 471 (5th Cir.1976).

ON REHEARING
In our ruling of June 1, 1983, we reversed and remanded the instant case for a new trial based on the trial court's error in not applying the appropriate standard for sufficiency of circumstantial evidence in determining the guilt of the defendant. Our ruling was based on references by the trial judge in his pre-sentence monologue wherein he did not discuss his decision in terms of whether the evidence had excluded every reasonable hypothesis of innocence. Rather, he explained his decision in terms of "reasonable doubt", clearly error in a circumstantial evidence case. In conjunction with the request for rehearing filed by the State, the trial court filed a per curiam. The purpose of the per curiam was to simply and emphatically state for the record that as the fact finder, the trial judge charged himself on the law regarding circumstantial evidence and applied that law in reaching the verdict in this case.
*1236 Appellant argues that we should not consider the trial judge's per curiam as the trial court no longer has jurisdiction. It is unnecessary to decide that issue since a subsequent review of the record bears out the correctness of the trial judge's charge. Since the majority's analysis of the case on this point was originally in error, that ruling is reversed and we affirm the verdict and sentence of the trial court.
WARD, J., dissents in part and assigns reasons.
WARD, Judge, dissenting in part.
I find merit in defendant's contention that the imposition of the maximum sentence under La.R.S. 14:30.1 is excessive. Article 1, § 20 of the 1974 Louisiana Constitution prohibits the imposition of excessive punishment. In State v. Sepulvado, 367 So.2d 762 (La.1979), the Louisiana Supreme Court held that "the imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional rights against excessive punishment." 367 So.2d at 767. See also State v. Telsee, 425 So.2d 1251 (La.1983); State v. Williams, 397 So.2d 1287 (La.1981); State v. McDonald, 390 So.2d 1276 (La.1980). A punishment is unconstitutionally excessive if it makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering, or if it is grossly out of proportion to the severity of the crime. State v. Telsee, supra.
The nature of the offense and the offender are to be analyzed in determining whether the punishment is constitutionally disproportionate. La.C.Cr.P. Art. 894.1 provides the criteria to be considered in tailoring the individual sentence imposed on the particular defendant to the particular circumstances of the case. As stated by the Louisiana Supreme Court in State v. Telsee, supra, "the result which obtains [from implementation of C.Cr.P. Art. 894.1] is that the maximum sentences are to be reserved for the most egregious and blameworthy of offenders within a class." In considering the nature of the offender and his offense, insight may be gained from a review of each of the factors listed in C.Cr.P. Art. 894.1, including whether there is undue risk that the defendant will commit another crime, whether the defendant needs to be institutionalized, and whether a lesser sentence will depreciate the seriousness of the crime. Additionally, the court should consider sentences imposed in other cases for similar crimes to assure that the defendant's sentence will be proportional in comparison with that of other offenders. Rummel v. Estelle, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382, Powell, J., dissenting, State v. Telsee, supra.
In State v. Kimble, 407 So.2d 693 (La. 1981), the defendant, who was found guilty of manslaughter, had two prior felony convictions. Thus, his sentence of twenty-one years was upheld by the Louisiana Supreme Court. In State v. Roussel, 424 So.2d 226 (La.1983), a twenty-one year sentence was affirmed where the jury found the defendant guilty of manslaughter, but the Trial Judge considered the evidence sufficient for a verdict of second degree murder. The defendant had attempted to take a second life and was prevented from doing so only by the jamming of the gun. In State v. Tompkins, 403 So.2d 644 (La. 1981), the defendant was convicted of manslaughter and given a fifteen year sentence, which the Supreme Court termed as "apparently severe." Finally, in State v. Gomez, 365 So.2d 1313 (La.1979) the Supreme Court affirmed the imposition of a five year sentence for manslaughter.
In the instant case, Hayes has no prior criminal history and the Trial Judge indicated in his reasons for sentencing that he felt Hayes was unlikely to commit another crime. He could not find that Hayes intended to kill the child or that he even intended to inflict great bodily harm. Hayes was eighteen years old at the time of the offense, barely old enough to have been charged as an adult. In light of these facts, I conclude that Hayes does not fall into the category of "the most egregious or blameworthy of offenders." Admittedly, *1237 Hayes was convicted of a despicable act and deserves to be punished by a substantial period of imprisonment at hard labor. However, in comparison to similar cases and in light of the above mitigating factors, I conclude that the imposition of the maximum sentence constitutes excessive punishment under Article 1 § 20 of the 1974 Louisiana Constitution.

ON REHEARING GRANTED
WARD, Judge.
The Orleans Parish Grand Jury indicted Bernard Hayes, charging him with the second degree murder of his son, Bernard Dennis. The boy, a two year-old born out of wedlock, was the child of Hayes and his former girlfriend, Elizabeth Dennis. Hayes waived his right to trial by jury, and, after trial the Trial Judge found him guilty of manslaughter, a lesser crime, but one included within the original charge of second degree murder. The Trial Judge immediately ordered a pre-sentence investigation, but the report was not returned to him until several months after he delivered his verdict. After receiving the pre-sentence report, the Trial Judge reviewed it and considered the evidence against the defendant. He then sentenced Hayes to twenty-one years at hard labor, the maximum sentence permitted under La.R.S. 14:31.
Hayes appealed both his conviction and the sentence. As to his conviction, Hayes argues it should be reversed because the evidence against him is insufficient to meet the standards of due process, set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). As the sentence, Hayes argues that it is excessive and prohibited by the Louisiana Constitution, Article I, Section 20.
Before turning to the merits of Hayes's argument, we must first explain our earlier decision in this same case, when a majority of a panel of this Court reversed and ordered a new trial. We reversed because the Trial Judge, when sentencing Hayes, indicated that he found Hayes guilty because, in his opinion, the evidence proved guilt "beyond a reasonable doubt". However, the State's case against Hayes was based almost exclusively on circumstantial evidence, and La.R.S. 15:438 provides that, in order to base a conviction on circumstantial evidence, assuming every fact to be proved that the evidence tends to prove, that evidence must exclude every reasonable hypothesis of innocence. The Trial Judge neglected to say that he had considered the evidence in light of the circumstantial evidence rule. At that time, we believed the Trial Judge erred in not applying the rule. After our decision, the State timely moved for a rehearing and the Trial Judge filed a per curiam explaining the apparent error and dispelling any doubt which may have arisen as to the standard of proof he applied: He had applied the circumstantial evidence rule when rendering his verdict, but when sentencing Hayes several months later, he unfortunately only said he was convinced of Hayes's guilt beyond a reasonable doubt. The record supported the Trial Judge, and we granted a rehearing. We are convinced the Trial Judge did not err, but correctly applied the circumstantial evidence rule.
When the State's case is based solely on circumstantial evidence, our Supreme Court requires this Court to review the trial record to determine if the evidence is sufficient to meet the Louisiana circumstantial evidence rule. State v. Graham, 422 So.2d 123 (1983). Additionally, after first determining that the circumstantial evidence is sufficient to support a conviction, Graham holds that the Due Process Clause of the Fourteenth Amendment requires this Court to further review the evidence upon which that conviction is based to determine whether it is minimally sufficient under Jackson v. Virginia, supra. A brief summary of the record will show why we believe the Trial Judge's verdict meets both standards.
The two year-old victim, Bernard Dennis, lived with his mother, Elizabeth Dennis. On March 6, 1981, because the child had chicken pox, he was unable to attend nursery *1238 school. His mother asked Hayes, who did not live with her, to babysit while she went to work. Hayes picked the child up from Ms. Dennis early in the morning and he and the child spent the day visiting one of Hayes' friends, Joe Wilson, at Wilson's apartment. Hayes and the child were alone in the apartment most of the day. When Hayes returned the child to Ms. Dennis around five that afternoon, the child was unconscious and had several bruises on his head. Ms. Dennis immediately rushed the child to Charity Hospital, but he never regained consciousness and died two days later. Medical doctors testified that the child died of trauma caused by multiple blows to the head. Because of the circumstances, the State could not prove by direct evidence who administered the blows or whether they were intentionally inflicted. The relevant part of the manslaughter statute requires proof of an intent to inflict the blows as an essential element of the crime:
La.R.S. 14:31 Manslaughter is:
* * * * * *
(2) A homicide committed, without any intent to cause death or great bodily harm.
(A) When the offender is engaged in the perpetration ... of any intentional misdemeanor directly affecting the person;
* * * * * *
A battery is the intentional use of force or violence upon the person of another. La.R.S. 14:33.
Thus, the State was forced to rely upon the above described circumstantial evidence to prove that Hayes intentionally struck young Dennis several times, and that death resulted from the blows.
In a circumstantial evidence case, the State's evidence must exclude every reasonable hypothesis of innocence, and when a defendant presents evidence which poses a hypothesis of innocence, the State's evidence must exclude that hypothesis in particular. State v. Graham, supra. As a reasonable hypothesis of innocence, Hayes sought to show the child's injuries were caused by a series of unfortunate incidents. Hayes speculates that the child fell off a bed and struck his head either on the mantle or on a protruding capped gas pipe, accounting for one of the bruises. As to the others, Hayes testified that he was trying to open the jammed bedroom door, pushing and pulling on it, attempting to reach the boy who was crying, when the door suddenly flew open and struck the boy in the head, causing him to fall, his head striking the door frame as he fell. Several medical doctors testified the child's head injuries could have been caused that way. Hayes, nonetheless, admitted that he struck the child twice to discipline him; once for spilling milk and again for using obscenities. Hayes further admitted that even though he saw the injuries, he did not take the boy to the hospital, but instead handed his unconscious body to his mother later in the afternoon when she returned from work.
The Trial Judge concluded that Hayes's story was incredible. So do we. Applying the rule of circumstantial evidence, we conclude that, assuming as true, every fact which the evidence tends to prove, that evidence excluded every reasonable hypothesis of innocence. Additionally, applying Jackson v. Virginia standards, we conclude that Hayes was not denied due process of law and that this conviction is clearly based upon evidence which when viewed in the light most favorable to the State, could lead a rational trier of fact, in this case the Trial Judge, to conclude that the essential elements of manslaughter were proved beyond a reasonable doubt. Hence, we affirm Hayes's conviction.
Nonetheless, we feel compelled to vacate the Trial Judge's sentence. Hayes was sentenced to serve twenty-one years at hard labor, the maximum sentence permitted under the statute. When considering a maximum sentence for the crime of negligent homicide, the Second Circuit Court of Appeal has aptly stated:
Maximum sentences are appropriately imposed in cases involving the most serious violations of the described offense, *1239 and for the worst kind of offender. Nothing else will justify the great sentencing discretion given the trial judge in Louisiana. The imposition of a maximum possible sentence usually can only be justified in extreme casesclassified as such by the factual circumstances of the offense and the apparent dangerous proclivities of the defendant.
State v. Jerome Ransome, No. 15,565-KA, Court of Appeal Second Circuit, 441 So.2d 425 (La.App. 2nd Cir.1983).
Hayes was twenty-two years old when he committed this offense. Even though the offense is a most serious one because an innocent two year-old boy was the victim, every manslaughter is serious and reprehensible because someone has caused the death of another. While correctly considering the seriousness of the offense, the Trial Judge failed to give appropriate credit to the mitigating factors in this case.
The pre-sentence investigation reveals that prior to this incident, Hayes had never been arrested, let alone convicted of any crime. He lived with his mother and father who stood by him throughout his trial and appeal. The chances that he would commit another similar crime were thought to be slim indeed, and the pre-sentence investigation report recommended probation. We are aware that deterence of others is a valid factor to be considered when sentencing a defendant. However, in this case, while we feel that incarceration is warranted, we also feel that imposition of the maximum sentence will hinder rather than enhance the rehabilitation of Hayes.
Because we believe the sentence is excessive and prohibited by the Louisiana Constitution Article I, Section 20, we vacate the sentence and remand the case to the Trial Court for further consideration of mitigating factors before re-sentencing. Defendant's conviction is affirmed.
CONVICTION AFFIRMED, SENTENCE VACATED AND REMANDED FOR RE-SENTENCING
WILLIAMS, J., dissents with reasons.
WILLIAMS, Judge, dissenting.
Considering the gravity of the crime, the sentence imposed by the trial court was not an abuse of discretion.

ON REHEARING
PER CURIAM.
We erred when we said the probation officer recommended probation. We have now reviewed the probation officer's report and we are more convinced than ever that the maximum sentence was excessive. The report contains confidential information that is favorable to the defendant; and it also shows that after his marriage he left school and worked as a porter when only 16 years old, that he continued his high school studies, hoping to obtain a General Education Diploma. This is his first and only offense, either as an adult or a juvenile. The rule which both trial and appellate courts must follow was stated in State v. Alex Lathers, 444 So.2d 96 (La.1983):
... Sentences must be imposed to correlate with the nature of the offense and the offender and should be imposed with consideration of the sentences imposed for similar crimes by other courts. Such considerations insure proportionality such that the most severe sentences are imposed for the most egregious crimes or criminals. (Emphasis theirs)
WILLIAMS, J., adheres to his original dissent.