LOBRANO, Judge.
On May 20, 1982, defendant, Bernard Hayes, Jr. was convicted of the March 6, 1982 manslaughter of his two year old son, Bernard Dennis, a violation of LSA R.S. l^l.[1]
On June 1, 1983, this court in State v. Bernard Hayes, Jr., 446 So.2d 1233 (La.App. 4th Cir.1983), writ denied 448 So.2d 105, reversed the conviction for trial error and remanded the case for a new trial. A rehearing was granted and on February 6, 1984, defendant’s conviction was affirmed, but his 21 year sentence was vacated as excessive and the case remanded for re-sentencing, State v. Bernard Hayes, Jr., supra.
On June 8, 1984, defendant was resen-tenced to fifteen (15) years at hard labor with credit for time served. Defendant appeals this sentence asserting the following assignments of error:
1) Defendant’s sentence of fifteen (15) years is excessive;
2) The trial court erred in considering the fact that defendant was charged with second degree murder in imposing sentence.
ASSIGNMENT OF ERROR 1:
Defendant asserts that his fifteen (15) year sentence is excessive in light of the circumstances and the evidence presented at the sentencing hearing.
The penalty provision of LSA R.S. 14:31 states as follows: “Whoever commits manslaughter shall be imprisoned at hard labor for not more than twenty-one years.”
The Louisiana Constitution prohibits the imposition of excessive punishment. Art. 1, Sec. 20. The imposition of a sentence, although within the statutory limit, may violate a defendant’s constitutional right against excessive punishment that is enforceable by this Court on appellate review. State v. Thomas, 447 So.2d 1053, (La.1984); State v. Soco, 441 So.2d 719 (La.1983); State v. Sepulvado, 367 So.2d 762 (La.1979).
A sentence which appears to be severe is considered excessive and unconstitutional if it is “grossly out of proportion to the severity of the crime” or “is nothing more than the purposeless and needless imposition of pain and suffering.” State v. Telsee, 425 So.2d 1251, 1253 (La.1983); State v. Bonanno, 384 So.2d 355, 357 (La.1980); State v. Goode, 380 So.2d 1361,1364 (La.1980).
The trial judge must articulate reasons for an apparently severe sentence tailoring it to the individual offender and the particular offense. State v. Tilley, 400 So.2d 1363 (La.1981). Code of Criminal Procedure Art. 894.1 sets forth criteria to be used by the trial court in its determina *770 tion. The trial court need not articulate every circumstance cited, but it must indicate that it considered the 894.1 guidelines in tailoring a particular sentence to a particular defendant convicted of a particular crime. State v. Gulden, 399 So.2d 194 (La.1981). Not only the aggravating circumstances, but the mitigating circumstances as well must be considered, State v. Franks, 373 So.2d 1307 (La.1979) and the court must state the factual basis underlying its conclusion. State v. Saunders, 393 So.2d 1278 (La.1981). Accordingly, the sentencing record must reflect that the trial judge considered the personal history of the defendant in addition to the seriousness of the crime and the past criminal history of the defendant. State v. Quebedeaux, 424 So.2d 1009 (La.1982), affirmed on remand 446 So.2d 1210 (La.1984); State v. Jones, 398 So.2d 1049 (La.1981); State v. Molinet, 393 So.2d 721 (La.1981).
In the instant case, the trial judge, at the re-sentencing hearing, stated he considered “the reasons previously stated by the court at the time of the original sentence”, the report prepared by the doctor, and the comments of defense counsel. The court went on to say that “for the reasons previously stated ... at the initial original sentencing hearing ... sentences the defendant to 16 years ...”. At the original sentencing hearing, the trial judge considered the mitigating circumstances that the defendant had no prior criminal record. The court found that the sentence of imprisonment was warranted under Art. 894.-1A(2) since a lesser sentence would deprecate the seriousness of the offense. All of the trial judge’s reasons were stated for the record as mandated by Art. 894.1C. Thus, the trial court adequately considered the Art. 894.1 guidelines in imposing this particular sentence for this particular defendant convicted of this particular crime. State v. Gulden, supra.
Although not unbridled, the trial judge is given great discretion in sentencing within statutory limits. State v. Trahan, 425 So.2d 1222 (La.1983); State v. Bradley, 414 So.2d 724 (La.1982); State v. Washington, 414 So.2d 313 (La.1982).
In reviewing the sentence, this court must determine whether this sentence is too severe in light of the particular defendant and the circumstances of the particular crime. Quebedeaux, supra; Jones, supra.
Insofar as the length of the sentence, our Supreme Court has evaluated a number of claims of excessive sentences by defendants who were sentenced fifteen years or more for convictions of manslaughter. The high court has consistently affirmed such sentences.
In State v. Germain, 433 So.2d 110 (La.1983), the Court found that a twenty-one year sentence imposed on a defendant who was convicted of manslaughter for beating a three year old to death was not excessive even though the defendant had no serious previous record and several witnesses were present at the sentencing hearing to vouch for defendant’s good character.
In State v. Tompkins, 429 So.2d 1385 (La.1982) the defendant shot one of the patrons at his night club after he had escorted that person and another out of the club because they were fighting. The court affirmed his fifteen year sentence even though the pre-sentence report showed defendant was forty years old at the time of the offense; had no previous criminal record; had been married for eighteen years; had four children, one of whom was handicapped; was providing for an abandoned five year old niece and a retarded brother; that imprisonment would create financial difficulties for the family; and his employer at an elementary school and his minister testified on his behalf.
In State v. Roussel, 424 So.2d 226 (La.1982), the court affirmed defendant’s twenty-one year sentence after he shot and killed his wife. Defendant was only twenty-one years old; had positive references from the community; a steady employment record and no previous criminal record.
In State v. McMahon, 391 So.2d 1120 (La.1980), defendant was sentenced to fif *771 teen years for shooting her husband. The sentence was found not to be excessive even though witnesses who employed defendant, before and after the homicide, testified they had complete trust in her and the sentencing transcript revealed the trial court considered her lack of a criminal record and the improbability that she would commit another crime.
Accordingly, we hold that defendant’s assertion that his fifteen year sentence is excessive in light of the circumstances, including the evidence presented at the sentencing hearing, is without merit. We agree with the trial court’s evaluation that a lesser sentence would deprecate the seriousness of the offense. This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2
Defendant asserts that it was error for the trial judge to consider the fact that defendant had originally been charged with second degree murder in imposing the sentence. In essence, he argues that such consideration negates the court’s own finding that defendant was found guilty of manslaughter.
We find no statutory or jurisprudential prohibition which precludes such a consideration by the trial court. Our Supreme Court has considered such an argument in State v. McMahon, supra, and State v. Roussel, supra, and in both cases affirmed the sentences.
The trial judge is afforded wide discretions in sentencing within statutory limits and is charged with viewing all the circumstances of the offense so that the sentence might conform to actual conduct. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Richardson, 446 So.2d 820 (La.App. 2nd Cir.1984); State v. Collins, 448 So.2d 260 (La.App. 1st Cir.1984); State v. Williams, 430 So.2d 114 (La.App. 3rd Cir.1983), writ denied 435 So.2d 449.
We conclude that the trial court considered the legislative criteria.in imposing the sentence in this case, and we further conclude that the sentence is not excessive.
AFFIRMED.

. LSA R.S. 14:31:
Manslaughter is:
(1) A homicide which would be murder under either Article 30 (first degree murder) or Article 30.1 (second degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self control and cool reflection. Provocation shall not reduce a homicide to manslaughter if the jury finds that the offender's blood has actually cooled, or that an average person's blood would have cooled, at the time the offense was committed; or
(2) A homicide committed, without any intent to cause death or great bodily harm.
(a) When the offenser is engaged in the perpetration or attempted perpetration of any felony not enumerated in Articles 30 or 30.1, or of any intentional misdemeanor directly affecting the person; or
(b) When the offender is resisting lawful arrest by means, or in a manner, not inherently dangerous, and the circumstances are such that the killing would not be murder under Articles 30 or 30.1.
Whoever commits manslaughter shall be imprisoned at hard labor for not more than twenty-one years.