PLOTKIN, Judge.
On February 8, 1985, defendant Eugene Davis, was charged with manslaughter in violation of La.R.S. 14:31(2). He was arraigned and pled not guilty February 22. After a jury trial on August 13, he was found guilty as charged and he was sentenced to serve 21 years at hard labor on September 17, 1985.
Defendant lived with Hazel Johnson and Rolondo Johnson, Hazel’s six month old child, the victim of this crime. On January 13, 1985, about 6:30 p.m., Hazel Johnson left defendant alone with the sleeping child while she visited a neighborhood friend. About 7 p.m. defendant appeared at the friend’s house to tell Johnson that the baby had fallen and was hurt. Defendant, Johnson and Sheila Johnson, the friend, returned to defendant’s apartment; there the baby was found lying on the bed where Johnson had left him. When she picked him up his head rolled from side to side and his eyes rolled back into his head. The police were called and the child was taken to Charity Hospital where he died a few hours later. The autopsy showed that the child’s skull had been crushed from different angles. There were severe crushing wounds on two sides of the skull and several less severe wounds on the back of his head.
Defendant Davis testified at trial that he did not harm the child. He maintained that he was sleeping in the front bedroom of his shotgun apartment after Johnson left around 6:30 p.m. January 13, and that the baby was in the second bedroom on a double bed without rails when defendant heard the baby cry. He then went into the second bedroom, gave the baby a bottle and went back into his bedroom. Later he heard a noise in the second bedroom and on entering, he found the child on the floor between the bed and a weight lifting bench. He picked the child up, realized he was hurt, placed him in the middle of the bed and left to get Johnson.
Johnson testified that to her knowledge defendant had never harmed her child but that the child’s crying “would work on his nerves.” She further testified that earlier on that Sunday, January 13, 1985, she left the child on his stomach on a blanket on the kitchen floor for about five minutes. When she heard him cry, she returned to the kitchen to find him lying on his back. Defendant who was sitting at the kitchen table informed her that the child had pulled himself up and fallen over hitting his head. Johnson had never seen the child pull himself up before.
Officer Joan Alexander of New Orleans Police Department Child Abuse Division testified that when she spoke with defendant at Charity Hospital the night of January 13, he gave two different versions of events. He told her first that when he heard a noise and went to check on the baby, he found the child on the floor. Later he said he heard the child cry, gave it a bottle and then after about 45 minutes heard a noise and found the child had fallen to the floor.
Dr. McGarry, who autopsied the child, testified that the child suffered from numerous cerebral hemorrhages hours before he died. The doctor also testified that the child’s injuries could not have occurred from a 22" fall from a bed onto a carpeted floor or even such a fall in which the child’s head hit part of the weight lifting equipment near the bed; nor could they have been caused by the baby banging his head against a headboard. From the physical evidence presented, Dr. McGarry theorized that the hemorrhages were caused by the baby’s head being “slammed on something very hard.”
*36 On appeal, defendant makes four assignments of error. His third assignment is meritorious. He argues that because the trial court gave an incorrect jury charge concerning circumstantial evidence, the wrong legal standard was used in testing the sufficiency of the circumstantial evidence against defendant.
LSA-R.S. 15:438 provides the rule as to circumstantial evidence:
assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.
The court gave the following jury charge[1]:
Now evidence can be either of two kinds, either direct or circumstantial. Direct evidence is evidence which, if believed, proves a fact. Circumstantial or indirect evidence is evidence, which if believed proves a fact and from that fact you may logically and reasonably conclude that another fact exists. You cannot find the defendant guilty solely on the circumstantial evidence unless the facts proved by the state, or proved by the evidence excluded every reasonable hypothesis of his innocence. However, this rule applies only if the state’s case is based entirely upon circumstantial evidence. If there is direct evidence, then the rule does not apply.
In the last two sentences of the jury charge, the court incorrectly stated that the circumstantial evidence standard applied only when a case was based completely on circumstantial evidence. The charge requested by the defense counsel did not contain these sentences. The State’s only response to the defense’s assignment of error was that the two charges are “virtually identical”; this response has no merit.
The circumstantial evidence standard applies to whatever circumstantial evidence is presented whether there is direct evidence offered or not. In the case at bar, the state's case was not based entirely upon circumstantial evidence. There was direct evidence that the child was conscious when Johnson left him with defendant and that he was unconscious when she returned. There is direct evidence that the child suffered several severe blows on his head. Only circumstantial evidence exists that the defendant harmed the child because defendant was the only person present when the injuries occurred. To convict the defendant, the jury must exclude every reasonable hypotheses of innocence, i.e., that the child fell out of bed or fell onto something which injured him. Because the State relied on direct as well as circumstantial evidence and the trial court instructed the jury that the reasonable hypothesis of innocence standard did not apply in such instances, the jury could not properly evaluate the circumstantial evidence.
The importance of the correct standard for circumstantial evidence is addressed in State v. Shapiro, 431 So.2d 372, 384 (La.1982), where quoting State v. Lenon Williams, 423 So.2d 1048 (La.1982), the court noted:
Circumstantial evidence in Louisiana criminal convictions is held to a higher standard.
The Louisiana legislature has, through this statute [R.S. 15:438], provided greater protection against erroneous convictions based on circumstantial evidence than is provided by the Fourteenth Amendment. There is a possibility that the quality of evidence supporting a conviction would satisfy Jackson v. Virginia [443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) ], ..., but would not satisfy the requirement of R.S. 15:438.
And the Shapiro court went on to hold:
In all cases where an essential element of the crime is not proven by direct evidence, La.R.S. 15:438 applies. As an evi- *37 dentiary rule, it restrains the factfinder in the first instance, as well as the reviewer on appeal, to accept as proven all that the evidence tends to prove and then to convict only if every reasonable hypothesis of innocence is excluded. In applying La.R.S. 15:438, all the facts that the evidence variously tends to prove on both sides are to be considered, disregarding any choice by the factfinder favorable to the prosecution. The reviewer as a matter of law can affirm the conviction only if the reasonable hypothesis is one favorable to the state and there is no extant reasonable hypothesis of innocence.
Recently this court considered a case in which the wrong standard of evaluating circumstantial evidence appeared to have been given.[2] In State v. Hayes, 446 So.2d 1233 (La.App. 4th Cir.), writ denied, 448 So.2d 105 (La.1984), appeal after remand, 466 So.2d 767 (La.App. 4th Cir.), writ denied, 469 So.2d 982 (La.1985), a child was fatally abused and there was only circumstantial evidence that Hayes was guilty. The case was tried without a jury and in his pre-sentencing monologue the judge applied the “reasonable doubt” standard. On appeal, this court held:
Although application of the appropriate standard for sufficiency of circumstantial evidence may have yielded the same result it appears that the Trial Court did not base its determination of guilt on that standard, and we are not at liberty to presume what the fact finder’s assessment of evidence would be under the appropriate standard.
The court reversed the decision based on trial error and explained that reversal does not indicate that the state failed to prove its case. A reversal based on trial error means that the defendant may be retried without violating double jeopardy. Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), State v. Hayes, supra.
Because the incorrect jury charge compels a reversal and a remand, defendant’s other three assignments of error are pre-termitted.
Accordingly, for the reasons assigned, the decision below is revérsed and the case is remanded for a new trial.
REVERSED AND REMANDED.

. Defense counsel had proposed the following jury charge:
Evidence is either direct or circumstantial. Direct evidence is evidence which, if believed, proves a fact, and from that fact you may logically and reasonably conclude that another fact exists.
You cannot find a defendant guilty, solely on circumstantial evidence unless the facts proved by the evidence exclude every reasonable hypothesis of innocence.

. Hayes was reheard because it was found that the judge’s monologue on circumstantial evidence and on which this court based its reversal was spoken at a presentencing hearing. The trial transcript of the Hayes trial revealed that the judge had used the proper standard for evaluating circumstantial evidence. Nevertheless, the reasoning of this court on the use of the improper standard of evidence stands.