562 So.2d 1173 (1990)
STATE of Louisiana
v.
Eugene DAVIS, Jr.
No. KA-6854.
Court of Appeal of Louisiana, Fourth Circuit.
May 31, 1990.
*1174 William J. Guste, Jr., Atty. Gen., William B. Faust, III, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Jack Peebles, Joseph H. McCusker, III, Asst. Dist. Atty., New Orleans, for plaintiff.
Dwight Doskey, Clyde Merritt, New Orleans, for defendant.
Before SCHOTT, C.J., and KLEES and PLOTKIN, JJ.
PLOTKIN, Judge.
Eugene Davis was found guilty of manslaughter in violation of LSA-R.S. 14:31(2) and was sentenced to twenty-one years at hard labor. On appeal, this court found that the trial judge had given an incorrect jury charge concerning circumstantial evidence. This court reversed and remanded for a new trial. State v. Davis, 535 So.2d 34 (La.App. 4 Cir.1988).
The Supreme Court of Louisiana granted certiorari and remanded the case to this court for reconsideration in the light of the entire jury charge given by the trial court. State v. Davis, 541 So.2d 831 (La.1989). At this time, the court reporter's notes on the trial had been destroyed, pursuant to Attorney general's Opinion No. 83-174. Since this court was precluded from complying with the order of the Supreme Court, we reaffirmed our original opinion. State v. Davis, 550 So.2d 1289 (La.App. 4 Cir.1989) (per curiam).
The Supreme Court again granted certiorari and remanded to this court on April 5, 1990, for
determination of whether the jury reasonably rejected the defendant's hypothesis of innocence and whether any alternative hypothesis of innocence is sufficiently reasonable that no rational factfinder, if properly instructed on the principles of circumstantial evidence, could *1175 have found proof of guilt beyond a reasonable doubt.
State v. Davis, 559 So.2d 114 (La.1990).
The Louisiana rule as to circumstantial evidence is: "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." LSA-R.S. 15:438.
When a conviction is based solely on circumstantial evidence, a court of appeal must review the record to determine if the evidence is sufficient to meet the circumstantial evidence rule. State v. Hayes, 446 So.2d 1233, 1237 (La.App. 4 Cir.1983) (on rehearing), writ denied 448 So.2d 105 (1984).
When the conviction is based upon both direct and circumstantial evidence, and the court has failed to give an adequate instruction on the standard for circumstantial evidence, an appellate court must review the sufficiency of the evidence under the standard of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), resolving any conflict in the direct evidence in the light most favorable to the prosecution, and finding sufficient facts established by direct evidence and inferred from circumstantial evidence for a rational jury to conclude defendant's guilt beyond a reasonable doubt. State v. Captville, 448 So.2d 676, 678 (La.1984).
In the absence of error which rendered the trial fundamentally unfair, a conviction should be affirmed when the reviewing court can find that the trial record established guilt beyond a reasonable doubt. Pope v. Illinois, 481 U.S. 497, 107 S.Ct. 1918, 1922, 95 L.Ed.2d 439 (1987).
In this case, direct evidence, consisting of the autopsy and the testimony of the doctor who performed the autopsy, established that the child was killed by severe crushing wounds on two sides of the skull, as well as wounds on the back of the head, which could not have been caused by a fall from the bed or by the baby banging its head against the headboard of the bed. State v. Davis, 535 So.2d at 35.
The defendant's own hypothesis of innocence was that he heard a noise in the bedroom, went in, found the child on the floor, put him on the bed and went to get the mother. Id. The direct evidence enumerated above disproved the veracity of the defendant's story. The injuries to the baby's head could not have been caused by a fall.
Thus the prosecution proved the first element by direct evidence that the baby was killed by blows to the head and it disproved the defendant's hypothesis of innocence.
The second element is that the defendant was the only person in the apartment at the time the baby was killed. This was proven by direct evidence, the defendant's own admission that he was present. There is an absence of any evidence that any other person was present.
The third element is proven from circumstantial evidence. The baby was killed by blows to the head, the defendant was the only person present, so, therefore, the defendant was the person who killed the baby. This inference is supported by the testimony of Hazel Johnson that the baby's crying got on the defendant's nerves, and that, earlier that day, the baby had mysteriously fallen in the kitchen injuring his head when the defendant was alone with the baby.
The only hypothesis of the defendant's innocence suggested at trial is that the baby fell off the bed. This was disproved by direct evidence. The only other possible hypotheses of the defendant's innocence are that the mother killed the baby or that a third person entered the apartment and killed the baby. It was established that the mother was at her friend's house at the time when the injuries occurred. There is no evidence at all to support the hypothesis of someone else entering the apartment and killing the baby.
No rational finder of fact properly instructed as to the circumstantial evidence rule could have found any of these hypotheses of the defendant's innocence reasonable. Therefore, the lack of a proper instruction *1176 on the circumstantial evidence rule caused, at most, harmless error, and would not have prevented the jury from finding the defendant guilty beyond a reasonable doubt. We therefore find no merit to this assignment of error.
The Supreme Court further ordered this court, if we determine that the incorrect jury instruction was harmless error, to treat defendant's other assignments of error. This we shall now proceed to do.
In his first assignment of error, appellant contends that the trial court erred by refusing to allow the defense to review the medical records of Hazel Johnson in violation of his right to discovery, and of his rights to confrontation and compulsory process.
Ms. Johnson claimed her privilege to keep her medical records confidential. The trial court reviewed these records, and found no diagnosis of mental illness and nothing relevant to the defense. The court sealed the records for appellate review. A review of them by this court confirms the trial court's opinion.
A physician is not permitted to disclose any communication with a patient or the result of his or her investigation into the patient's physical or mental condition without the patient's consent. LSA-R.S. 15:476. This court has further held that medical records are privileged under LSA-R.S. 15:476 and are not evidence concerning credibility and cannot be used for the purpose of impeachment. State v. Eishtadt, 531 So.2d 1133, 1135 (La.App. 4 Cir.1988).
The question whether these medical records are discoverable by the defense under Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97, 10 L.Ed.2d 215 (1963) depends on whether such evidence would be material to the defendant's guilt or punishment and whether, if the evidence were suppressed, the defendant would be deprived of a fair trial. A constitutional error requiring reversal occurs only if the evidence is material in the sense that its suppression undermines confidence in the outcome of the trial. U.S. v. Bagley, 473 U.S. 667, 678, 105 S.Ct. 3375, 3381, 87 L.Ed.2d 481 (1985). In this case the trial court reviewed the medical records and found that there was nothing in them which would materially effect the outcome of the trial.
The appellant also contends that lack of access to these records affected his right to confront Ms. Johnson. However, the right to confrontation does not include a right to "pretrial disclosure of any and all information that might be useful in contradicting unfavorable testimony." Pennsylvania v. Ritchie, 480 U.S. 39, 107 S.Ct. 989, 999, 94 L.Ed.2d 40 (1987). Thus there is no merit to this assignment of error.
Appellant's second assignment of error contends that the trial court erred by not allowing defense witnesses to testify as to Ms. Johnson's prior mental problems and use of prescription drugs.
Relevant evidence is evidence which tends to prove or negate the commission of the offense and the intent to commit the offense. LSA-R.S. 15:441. Evidence is relevant when it makes any fact indicating guilt or innocence more or less probable. State v. Whittaker, 463 So.2d 1270, 1272 (La.1985). Absent an abuse of discretion, a trial court's ruling on relevancy should not be disturbed on appeal. Id.
Here the defense did not attempt to link Johnson's mental state or use of pills to the time of the crime. There is no indication that the trial court abused its discretion in excluding testimony on this subject.
Appellant's third assignment of error is that his sentence is excessive. Davis received the maximum possible sentence for manslaughter, twenty-one years at hard labor. LSA-R.S. 14:31.
In determining whether a sentence is excessive, the reviewing court must determine whether the trial court took cognizance of the factors set forth in LSA-C. Cr.P. art. 894.1 and whether the sentence is grossly out of proportion to the severity of the offense. State v. Lloyd, 535 So.2d 885, 891-92 (La.App. 2 Cir.1988), citing State v. Sepulvado 367 So.2d 762, 767-79 (La. 1979); State v. Bonanno, 384 So.2d 355, 358 (La. 1980).
The transcript of the sentencing hearing shows that the trial court enumerated *1177 the mitigating factors of C.Cr.P. art. 894.1 and stated in what way each factor applied or did not apply to this case. Thus there was adequate compliance by the trial court with C.Cr.P. art. 894.1.
A review of sentences for similar offenses can show whether the sentence in this case is grossly out of proportion. The courts of this state have upheld similar sentences for manslaughter in the death of a child. State v. Germain, 433 So.2d 110 (La.1983); State v. Bolden, 501 So.2d 942 (La.App. 2 Cir.1987). However, in both of the above cases, there was evidence that the defendants had abused the child prior to its death.
In State v. Hayes, 446 So.2d 1233 (La. App. 4 Cir.1983) (on rehearing), this court reversed and remanded for resentencing. In that case the defendant contended that the injuries to the child occurred when it fell off a bed. The defendant was convicted through circumstantial evidence. He had no prior criminal record.
In the instant case, Davis had two prior arrests, but no convictions. There are allegations in the trial record that he may have injured the child earlier on the day when the child was killed. There is not sufficient basis in the record to find the appellant's sentence to be excessive or grossly out of proportion to other sentences in similar cases.
For the above reasons, appellant's conviction and sentence are affirmed.