ARMSTRONG, Judge.
Defendant, Pedro Bacot, appeals from his jury conviction for possession of cocaine for which he was sentenced to five years at hard labor, sentence to run concurrently with any other sentence. On appeal defendant relies on one assignment of error. We affirm.
The record reflects that on July 2, 1985, at about 8:00 p.m., the defendant ran a stop sign at the corner of Mandeville and Burgundy Streets and was stopped by Officer Gus Bethea. As the defendant exited his vehicle, he began firing at Officer Bethea wounding him in both hands and disabling his hand-held radio. The defendant then ran from the scene and the officer went to a nearby residence to call for help.
Officer Marco Demma testified that he arrived on the scene within minutes of the offense. Upon arrival, Officer Demma observed a cigarette package with the flip-top open on the seat of the vehicle and, upon checking the registration through the license number, learned that the vehicle was registered to Orel Peta. Officer Demma then impounded the vehicle and applied for a search warrant. Officer Kevin Doucette searched the vehicle pursuant to the search warrant and found the bill of sale to Orel Peta in the glove compartment and a small cellophane bag with a white substance, determined to be cocaine, which was inside the cigarette package on the front seat.
Upon investigation, it was learned that Orel Peta was a name used by the defendant and that he was in Mississippi. The defendant was identified by Officer Bethea from a photographic lineup and subsequently was arrested in Mississippi.
A review of the record reflects that there are no errors patent.
In his only assignment of error, the defendant contends that the trial court erred in refusing to charge the jury as to the standard of proof to be applied when the State’s case relies on circumstantial evidence.
L.S.A.-R.S. 15:438 provides:
The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.
Relative to direct and circumstantial evidence, the court gave the following jury charge:
In law, there are two methods by which evidence can be established, direct and circumstantial. Direct evidence is evidence of material facts relating directly and without inference to the questions at issue or the facts to be proved. Circumstantial evidence is evidence of material facts which may be inferred from the existence of other material facts relating to the questions at issue or the fact to be proved. Circumstantial evidence is legal and competent and must be considered by the jury together with the direct evidence, if any, which may have been adduced at the trial. The jury should draw inferences only from facts which have been proved beyond a reasonable doubt. When the evidence in the case consists of both direct and circumstantial evidence, you must not convict unless you are satisfied beyond a reasonable doubt of the defendant’s guilt.
The defense relies on the holding of this Court in State v. Davis, 535 So.2d 34 ((La. *31 App. 4th Cir.1988) to support the contention that when a material fact is inferred from only circumstantial evidence, and the jury is not informed that it must exclude every reasonable hypothesis of innocence, the jury could not properly evaluate the circumstantial evidence.
Subsequent to the holding relied on by the defendant, the Louisiana Supreme Court, in State v. Davis 541 So.2d 831 (La.1989), granted writs to the State and remanded to this Court as follows:
Granted. The case is remanded to the Fourth Circuit Court of Appeal for reconsideration in light of the entire jury charge given by the trial court. If the trial court properly instructed the jurors that the state had the burden of proving every essential element of the offense beyond a reasonable doubt, In Re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); La.C.Cr.P. art. 804, the court of appeal should consider whether the facts necessarily found by the jury in its verdict satisfy the due process standard of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), see, State v. Captville, 448 So.2d 676 (La.1984), and whether any ambiguity in the trial court’s charge on circumstantial evidence was harmless error. See, Pope v. Illinois, 481 U.S. 497, 107 S.Ct. 1918, 95 L.Ed.2d 439 (1987); Rose v. Clark, 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986).
In the instant case, the trial judge failed to give the “exclusion of every reasonable hypothesis of innocence” charge because he found both, direct and circumstantial evidence as to the defendant’s possession of cocaine. The defense contends that there was only circumstantial evidence as to the possession. The defense further contends that a jury would have to determine that the defendant was the only one in the car and that no prior occupant of the car had left the cocaine there without the defendant’s knowledge or consent. There was direct evidence that a cigarette package containing cocaine was found on the front seat of the vehicle which the defendant owned and was driving. The trial judge correctly determined there was direct evidence as to the constructive possession.
Officer Gus Bethea testified that there was no one else in the car with the defendant and that from the time he left his police vehicle and the defendant left his own vehicle to the time police assistance arrived, no one else went to the defendant’s vehicle. He further testified that he went to a house across the street for assistance, twenty or thirty feet from the incident, but did not go inside the house. Even as to actual possession by the defendant, Officer Bethea’s testimony is direct evidence which refutes the hypothesis of innocence suggested by the defense.
Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Mussall, 523 So.2d 1305 (La.1988).
This case does contain direct evidence on which the jury could have found the defendant was guilty beyond a reasonable doubt. We find no error in the trial court’s refusal to give the jury the circumstantial evidence charge. Nevertheless we have reviewed the entire jury charge using the guidelines the Supreme Court provided in State v. Davis, supra. We find that the trial court properly instructed the jurors that the State had the burden of proving every essential element of the offense beyond a reasonable doubt. The facts necessarily found by the jury in its verdict satisfy the due process standard of Jackson v. Virginia, supra. Any ambiguity in the trial court’s charge on circumstantial evidence was harmless error.
For the foregoing reasons defendant’s conviction and sentence are affirmed.
AFFIRMED.