670 So.2d 588 (1996)
STATE of Louisiana
v.
Lionel PHILLIPS.
No. 92-KA-1063.
Court of Appeal of Louisiana, Fourth Circuit.
February 29, 1996.
*590 Harry F. Connick, District Attorney of Orleans Parish, Susan M. Erlanger, Assistant District Attorney of Orleans Parish, Elizabeth Revere, Assistant District Attorney of Orleans Parish, New Orleans, for State.
John Cutrera, Jr., Student Practitioner, Matthew D. Joseph, Student Practitioner, Darryl Derbigny, Supervising Attorney, Loyola Law Clinic, New Orleans, for Lionel Phillips.
Before BARRY, JONES and LANDRIEU, JJ.
JONES, Judge.
Defendant, Lionel Phillips, was convicted of violations of La.R.S. 14:64, relative to armed robbery, and La.R.S. 14:95.1, relative to convicted felon in possession of a firearm. Defendant, who was before this Court in two prior appeals involving these convictions, has been granted a new appeal pursuant to Lofton v. Whitley, 905 F.2d 885 (5th Cir.1990). We now affirm defendant's convictions and sentences.
The facts of this case are substantially adopted from prior appeals. On August 1, 1982, at approximately 9:50 p.m., the defendant entered the Little General convenience store at 841 Royal Street. After waiting a few minutes for all the other customers to leave, he grabbed the arm of the cashier, Angela Davis, and demanded that she give him money from the register. The defendant took some cash and a watch and gold chain which Ms. Davis was wearing. Ms. Davis called the police, and Officer Jimmie Slack responded. Ms. Davis furnished a description of the robber as an African-American male approximately five feet eleven inches to six feet tall, one hundred sixty to one hundred seventy-five pounds, with three or four large plaits in his hair.
The following night, August 2, 1982, at approximately 7:00 p.m., the defendant again entered the Little General store. The defendant pointed a pistol at Ms. Davis' head, mentioned the incident the night before, and demanded money. Ms. Davis gave him approximately $33.00 from the register. After *591 the defendant left, Ms. Davis called the police. She informed Officer Slack, who had again responded to the call, that the robber was the same one who had robbed her the night before.
Approximately ten minutes before the incident on August 2, 1982, Ms. Davis received a phone call from an unidentified male who said "I'm coming back to get you". At the time, Ms. Davis thought the phone call was a prank by one of her friends.
On August 4, 1982, at approximately 1:30 a.m., Officer Wellington Beaulieu of the New Orleans Police Department saw two men tampering with an automobile in a parking lot at the corner of North Rampart and Esplanade Streets. The police apprehended one of the men, but the other escaped. Officer Beaulieu transmitted a description of the second suspect over the police radio. The suspect was described as six feet tall, African-American male, wearing a white short-sleeved shirt and blue shorts.
Officer Slack, who had twice responded to the robberies at the Little General convenience store, and Officer Deborah Coffy were parked in a police van on North Rampart Street waiting for a tow truck because the van would not start. The officers had assisted in the search for the auto burglary suspect and were aware of his description. They saw the defendant walking on North Rampart and believed that he matched the description given by Officer Beaulieu. They approached the defendant for the purpose of detaining him so that Officer Beaulieu and his partner could do an identification. Officer Slack saw a bulge in the defendant's back waistband; he immediately physically restrained the defendant and retrieved a .38 caliber pistol from the defendant. The defendant was arrested for being in possession of a concealed weapon; the charge was later changed to being a convicted felon in possession of a firearm when the officers learned that the defendant had previously been convicted of armed robbery. Officer Beaulieu and his partner did not identify the defendant as the second burglary suspect.
The State filed a bill of information charging the defendant with one count of violating La.R.S. 14:64 relative to armed robbery and one count of violating La.R.S. 14:95.1 relative to being a convicted felon in possession of a firearm. Hearings on motions to suppress and for discovery commenced, and the trial court denied the motions to suppress evidence and identification. However, the trial court did grant the defendant's motion to sever the counts. The trial on the armed robbery count was held on June 8, 1983.
Patricia Williams, the defendant's girlfriend, and Robert Fulford, an acquaintance of the defendant, testified that the defendant was at the Municipal Auditorium on August 1, 1982, the date of the first robbery, watching wrestling matches. The witnesses stated that they left the match at about 10:00 p.m. Ms. Williams and the defendant then walked to the corner of Canal and Camp Streets where Ms. Williams boarded a bus. Robert Fulford testified that he gave the defendant a ride home on his Moped at approximately 11:00 p.m. Neither Ms. Williams nor Mr. Fulford testified to the whereabouts of the defendant on the night of the second armed robbery for which he was on trial.
A twelve-person jury returned a verdict of guilty as charged. The trial court sentenced the defendant to ninety-nine years at hard labor without the benefit of probation, parole, or suspension of sentence. The defense subsequently filed a motion to recuse the trial judge; the motion was granted, and the case was allotted to Section "F". Trial on the second count, violating La.R.S. 14:95.1, was held; and the defendant was again found guilty as charged by a twelve-person jury. The defendant was sentenced to ten years at hard labor without the benefit of probation, parole, or suspension of sentence to run consecutively to the ninety-nine year sentence imposed on the armed robbery count. The trial court quashed the multiple bill filed by the State.
Two separate appeals were taken from the convictions and sentences on each count. On June 5, 1985, this Court affirmed the conviction and sentence for being a convicted felon in possession of a firearm in KA-2506 and the armed robbery conviction and sentence in KA-2585. Both of these opinions, which were unpublished, were limited to a review of *592 the record for errors patent. On review of a subsequent application for post-conviction relief in which the defendant alleged that he had been denied the effective assistance of counsel on appeal, this Court ordered that the defendant should be granted a new appeal pursuant to Lofton v. Whitley, 905 F.2d 885 (5th Cir.1990). Defendant's counsel filed an errors patent brief on January 19, 1993. The appellant, pro se, requested that this Court consider the errors raised in previous pro se writ applications, 91-K-1893 and 90-K-2087; the appellant's request has been granted.

ERRORS PATENT
As per State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990), this Court has performed an independent, thorough review of all the pleadings filed in the district court, all minute entries of the district court proceedings, the bill of information and all transcripts contained in the appeal record. The defendant was properly charged by bill of information with violations of La.R.S. 14:64 and 14:95.1, and the bill was signed by an assistant district attorney. The defendant was present and represented by counsel at arraignment, all hearings, trials, and sentencings. The armed robbery sentence of 99 years at hard labor is legal. The sentence imposed on the charge of violating La.R.S. 14:95.1 is illegally lenient because the trial court failed to impose a minimum fine of $1,000 as required by the statute, but this error should not be corrected because the issue has not been raised by the State, all as noted in the previous appeal. See State v. Lionel A. Phillips, unpub. (KA-2506 La.App. 4th Cir. June 5, 1985). In both of the prior appeals, this Court reviewed the records and determined that the evidence was sufficient to support the convictions. State v. Lionel Phillips, unpub. (KA-2506 and 2585 La.App. 4th Cir. June 5, 1985). Accordingly we affirm the defendant's convictions and sentences.
Counsel for appellant has filed a brief requesting a review of the record for errors patent only and a motion to withdraw. Prior to reaching a decision on the proper disposition of this appeal, we requested that counsel brief arguable claims relative to defendant's due process rights. Pursuant to that request appellant's counsel filed a Motion To Supplement The Record with a transcript of the sentencing hearing in order that appellant might address the issue of excessive sentencing. However, the United States Supreme Court denied certiorari in State v. Berniard, 625 So.2d 217 (La.App. 4th Cir.1993), writ denied 93-2705 (La. 9/23/94), 642 So.2d 1308, cert. denied, ___ U.S. ___, 115 S.Ct. 1121, 130 L.Ed.2d 1084 (1995), thus quieting the issue of whether a Court should consider constitutional violations on appeal that were not contemporaneously objected to in the trial court.
Additionally, in response to our order to the trial court to supplement the record with the transcript of the sentencing hearing, the trial court certified to this court that the transcript of the sentencing hearing cannot be reproduced. However, considering that this defendant and his counsel have filed with this court three errors patent appeal briefs and three pro se writ applications, none of which complained of unconstitutional or excessive sentencing, this court will not review the question of excessiveness of this defendant's sentence. Where the transcript is not available for judicial review because of the inaction of the defendant, he is not entitled to have his sentence vacated. State v. Clark, 93-0321 (La.App. 4th Cir. 10/27/94), 644 So.2d 1130, writ denied, 94-2884 (La. 3/24/95), 651 So.2d 287.
Having satisfied ourselves that there are no non-frivolous issues to be raised on appeal, specifically as to whether the jury instructions contained a charge in violation of Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), counsel's motion to withdraw is granted.
The defendant's pro se assignments of error are from his writ application # 90-K-2087. These issues have not been previously considered because this out-of-time appeal was granted. All of the defendant's assignments of error pertain to the trial and conviction on the armed robbery charge only.

PRO SE ASSIGNMENT OF ERROR NO. 1
In his first assignment of error, the defendant contends that during voir dire in *593 the armed robbery trial, the trial judge gave hypothetical situations which were closely related to the evidence presented at trial, and thus "commented" on the evidence. The remarks complained of were made in connection with a juror's statement that she had a problem convicting the defendant if there was only one eyewitness. The juror had been the victim of two crimes and in both was unable to make any identification. The following exchange occurred:
BY THE COURT:
Let me explain this to you Miss Davis, not to interrupt you Miss Sharpebut it (sic) the victim is put on the stand and says "I think that's him, but I am not sure" that would automatically be not guilty.
BY THE JUROR:
Well obviously she thinks she's sure.
BY THE COURT:
Alright, now, what you [sic] be called on to do is to judge her, maybe not credibility of whether she's lieing [sic] or not, but whether she is mistakened [sic] whether there is a possibility of [sic] that it is Mr. Phillips or it is not Mr. Phillips. You had an experience when you said you could notthere might be other people as Miss Sharpe [assistant district attorney] said that [sic] have a better memory, or the circumstances might have been such. I don't know. The circumstances that are brought out in trial might have been such that she could identify him. Let's take an example, wherein an individual is robbed by another individual and was with that person for over a period of fifteen or twenty minutes, is not just a quick, [sic] you know, but they are either seated on the bus with them, or in the park with them and have the opportunity to view and then all of a sudden he walks up a [sic] robs you, if you have been looking at him for fifteen or twenty minutes in broad daylight and the police would bring this person back to you and say"I have now ..." after he robbed you, the possibility under those circumstances would be that you could identify him.
On the other hand if somebody had a mask on of course, and grabbed your purse and ran, the possibility [sic] that you would not be able to identify him. What the State is asking and what the State is asking you to do is to take in all the circumstances and then make you [sic] decision ...

. . . . .
The defendant argues that the highlighted portion of the examples given by the trial court was so closely related to the facts of the case that it constituted a comment on the evidence.
La.C.Cr.P. art. 772 provides:
The judge in the presence of the jury shall not comment upon the facts of the case, either by commenting upon or recapitulating the evidence, repeating the testimony of any witness, or giving an opinion as to what has been proved, not proved, or refuted.
La.C.Cr.P. art. 772 imposes a duty on the trial judge to refrain from commenting on the facts or evidence in the presence of the jury. However, the hypothetical given by the trial court during voir dire was not a prohibited comment on the evidence in the case because no evidence had yet been presented in the proceeding. State v. Gallow, 338 So.2d 920, 922 (La.1976); State v. Weidert, 568 So.2d 1162, 1165 (La.App. 5th Cir. 1990) writ denied 573 So.2d 1118 (La.1991). A comment by the court during voir dire is not a comment on the facts or evidence within the purview of La.C.Cr.P. art. 772. State v. Gallow, supra. This assignment of error has no merit.

PRO SE ASSIGNMENT OF ERROR NO. 2
In his second assignment of error the defendant contends that the trial court erred when it allowed inadmissible hearsay to be presented to the jury. The statement which forms the basis for this assignment was mentioned twice during the trial, once during the State's opening statement and once during the testimony of the victim, and consisted of the fact that Ms. Davis received a phone call ten minutes before the second armed robbery. Over objection, the jury was informed *594 that the male on the phone stated to Ms. Davis that "I will be back."
Hearsay is defined as "a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted." La.C.E. art. 801(C). Improper admission of hearsay evidence is subject to a harmless error analysis. State v. Quatrevingt, 617 So.2d 484, 493-94 (La.App. 4th Cir.1992). In its determination of whether the admission of evidence constituted harmless error, the appellate court must be able to find beyond a reasonable doubt that the error did not contribute to the jury's verdict. La.C.Cr.P. art. 921; Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); State v. West, 568 So.2d 1019, 1024 (La.1990); State v. Wille, 559 So.2d 1321, 1332 (La.1990).
In the instant case, the victim testified that she believed the caller was a friend of hers; she never testified that she could identify the caller as the defendant. Furthermore, during the robbery itself, the defendant stated "Oh you weren't afraid last night, but you are going to give me the money this time". This additional evidence, although hearsay, was admissible as part of the res gestae, and supports the victim's testimony that the same person robbed her both nights. Therefore, the admission of the contents of the phone call by an unidentified person can be said, beyond a reasonable doubt, not to have contributed to the verdict.
This assignment lacks merit.

PRO SE ASSIGNMENT OF ERROR NO. 3
The defendant next contends that the State failed to disclose to the defense that the victim had made a tentative identification of someone other than the defendant. He argues that the disclosure of the photograph of the other person would have allowed him to more forcefully argue that he was misidentified.
The due process clause of the Fourteenth Amendment to the United States Constitution requires the disclosure upon request of evidence which is favorable to the accused when the evidence is material to guilt or punishment. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). This rule has been expanded to include evidence which impeaches the testimony of a witness where the reliability or credibility of the witness may be determinative of guilt or innocence. Giglio v. U.S., 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). The Brady rule is based on the requirement of due process. "[T]he prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial, that is, evidence favorable to the defendant which is material to guilt or punishment." State v. Rosiere, 488 So.2d 965, 970 (La.1986). The test for determining materiality was established in United States v. Bagley, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). "The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A `reasonable probability' is a probability sufficient to undermine confidence in the outcome." Bagley, 473 U.S. at 682, 105 S.Ct. at 3383. The test for determining materiality is the same whether or not the defense makes a pretrial request for exculpatory evidence. Id.
The transcript shows that the first mention of the victim having made a tentative identification of someone other than the defendant is when the defense counsel on cross-examination of Officer Woodfork asked him "Did she first make a tentative identification before she made an alleged positive identification?" After Officer Woodfork replied affirmatively, the defense counsel made no motion for mistrial, objected, or took any other action which would indicate that she had been unaware of the tentative identification or that she wanted the photograph involved in the other identification. Generally, no error can be raised on appeal unless it is brought to the trial court's attention at the time of the occurrence. La.C.Cr.P. article 841. In any event, the transcript of the cross-examination of the victim indicates that the defense counsel had a copy of the victim's testimony from the motion hearing. Apparently, *595 the defense counsel was aware of the victim's prior identification prior to trial.
Furthermore, the appropriate relief in the event that the information was not disclosed prior to trial would be to allow the defense to question the victim about this other identification. Defense counsel did have that opportunity because Officer Woodfork testified before the victim did. The critical issue in considering a claim of denial of Brady material is whether there is a reasonable probability that the withheld information would have made a difference in the result of the proceeding. Such a showing clearly cannot be made when the withheld information is fully presented to the jury. Absent this requisite showing of prejudice, the assignment of error has no merit. State v. Smith, 430 So.2d 31, 42 (La.1983); State v. Dozier, 553 So.2d 931, 933 (La.App. 4th Cir. 1989), writ denied 558 So.2d 567 (La.1990); State v. Dantzler, 591 So.2d 1385, 1387 (La. App. 4th Cir.1991).

PRO SE ASSIGNMENT OF ERROR NO. 4
In his fourth assignment of error the defendant argues that his conviction was obtained by the use of perjured testimony. The basis for his argument is discrepancies in the testimony given by the victim Angela Davis and by Officer Woodfork about the identification procedure. The specific discrepancies are the number of photographs Ms. Davis viewed, which Ms. Davis described as a stack six inches high and Officer Woodfork said consisted of only seven pictures, and Officer Woodfork's testimony tending to diminish the importance of Ms. Davis's tentative identification of someone other than the defendant.
The record does indicate some discrepancies in the testimony of Ms. Davis and Officer Woodfork. However, there is nothing to indicate that there was perjury on the part of either witness. All of the discrepancies were fully brought to the attention of the jury. Any inconsistencies in the testimony would be weighed by the jury and considered in determining, as it did, that Ms. Davis did identify the defendant as the man who robbed her.
This assignment has no merit.

PRO SE ASSIGNMENTS OF ERROR NOS. 5 & 6
The defendant makes no argument on these assignments, which he concedes are related to and repetitive of the issues raised in assignments three and four.

PRO SE ASSIGNMENTS OF ERROR NOS. 7 & 8
In these assignments of error the defendant contends that the trial court erred when it allowed evidence of the first robbery to be introduced into evidence and when it overruled objections to improper rebuttal argument. He first argues that the evidence of the first robbery of Ms. Davis could only be admitted to show knowledge, intent, or system, and that the crimes were not so similar as to constitute a system.
The defendant's argument has no merit. See State v. Hayes, 614 So.2d 880, 882-83 (La.App. 3rd Cir.1993), which discussed this issue under both the Louisiana Code of Evidence article 404(B) and the prior statute, La.R.S. 15:446. La.C.E. art. 404(B) specifically provides that evidence of other crimes is admissible "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, ..." [Emphasis added]. La.R.S. 15:446 provided that evidence of other crimes was admissible when knowledge or intent formed an essential part of the crime charged, and "where the offense is one of a system, evidence is admissible to prove the continuity of the offense, and the commission of similar offenses, for the purpose of showing guilty knowledge and intent...." As noted in Hayes, jurisprudence interpreting La.R.S. 15:466 had held that other crimes evidence was admissible to prove identity if identity was an issue; La.C.E. art. 404(B) made no change to the principles of law.
In the instant case, the defendant advanced an alibi for the first robbery and he made an issue of mistaken identity because of Ms. Davis's tentative identification of another person. The evidence of the robbery of Ms. Davis on the preceding night was *596 highly probative on the issue of identity, especially in light of the comments made by the perpetrator during the armed robbery. There was no error in admitting the evidence.
The defendant further contends that the trial court should not have allowed the prosecutor on rebuttal to tell the jury that the evidence of the first robbery was presented to show motive, intent, and identification. However, as discussed, the evidence was properly admitted for the purpose of showing identification. Therefore, the trial court did not err in overruling the defense objection.
The defendant's final argument is that the prosecutor went outside the proper scope of rebuttal when he told the jury that the alibi witness was told the time of the robbery. He argues that this statement was outside the scope of rebuttal. The trial court had denied the objection on the grounds that it was a permissible inference from the facts.
La.C.Cr.P. art. 774 provides:
The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.
The argument shall not appeal to prejudice.
The state's rebuttal shall be confined to answering the argument of the defendant.
Even if such remarks go beyond the scope of art. 774, the remarks are harmless unless the reviewing court is thoroughly convinced that the remarks influenced the jury and contributed to the verdict. State v. Byrne, 483 So.2d 564 (La.1986), cert. denied Byrne v. Louisiana, 479 U.S. 871, 107 S.Ct. 243, 93 L.Ed.2d 168 (1986); State v. Williams, 575 So.2d 452 (La.App. 4th Cir.1991), writ denied 578 So.2d 130 (1991).
The remarks made by the prosecutor were made in the context of attacking the alibi witness, Patricia Williams. The prosecutor commented: "How can she be so sure that they stayed until exactly ten o'clock. Because she has been told that the first robbery happened at 9:50, 10 minutes till 10." The inference that the alibi witness, who was the defendant's girlfriend, was aware of the time of the crime for which she was providing an alibi is not improper. Furthermore, the trial court at the time it overruled the defense objection stated that it would instruct the jury that they are the finders of fact. Therefore, the remarks of the prosecutor most probably did not contribute to the verdict.

PRO SE ASSIGNMENT OF ERROR NO. 9
In his ninth assignment of error, the defendant argues that he was denied the effective assistance of counsel on appeal. This error pertains to the first appeal of his convictions and was raised in a pro se writ application of "error coram nobis". The assignment was ultimately found to have merit, and this new appeal was the result. This assignment is moot.

PRO SE ASSIGNMENT OF ERROR NO. 10
The tenth assignment of error pertains to the defendant's pro se writ application of "error coram nobis." He contends that counsel should have been appointed to represent him to urge the errors, which are here numbered as assignments of error one through nine, to the trial court.
None of the defendant's assignments of error have merit. Therefore, he has not been prejudiced by the fact that counsel was not appointed to represent him in connection with his writ application.

PRO SE ASSIGNMENT OF ERROR NO. 11
In this assignment of error, the defendant contends that counsel in the present appeal is also ineffective. A thorough review of the record has shown that there are no errors which arguably support the appeal. Counsel has complied with State v. Benjamin, supra. Counsel appropriately filed a motion to withdraw and is not ineffective.

PRO SE ASSIGNMENT OF ERROR NO. 12
In this assignment of error, the defendant argues that the trial court has failed to comply with the orders of this Court to produce a transcript. The defendant is correct *597 that this Court ordered the trial court to furnish the transcript of December 15, 1982. The trial court, through its official court reporter, certified that it was unable to do so.
A review of the record has revealed, however, that the transcript was made a part of the original appeal record in KA-2585. Therefore, the defendant has not been prejudiced by the trial court's failure to comply with this Court's orders.

PRO SE ASSIGNMENT OF ERROR NO. 13
In this assignment, the defendant argues that he was illegally detained and that, as a result, the pretrial identification of him is tainted. In support of his argument, the defendant quotes from the motion hearing on December 15, 1982 in which Officer Slack testified to the circumstances surrounding the arrest of the defendant. Officer Slack testified that approximately twenty minutes before the arrest, two other police officers had chased a subject. The description of the subject matched the defendant, who was walking toward the officers. Officer Slack and his partner, Officer Coffy, approached the defendant; Officer Slack noticed a bulge coming out of the back of the defendant's shirt when the defendant turned to talk to Coffy. Officer Slack put his hand in the middle of the defendant's back and felt a hard object. He then placed the defendant on the police van, searched him, found a gun under the defendant's shirt, and placed him under arrest for possession of a concealed weapon. However, the police officers who had broadcast the description could not identify the defendant as the man they had been chasing.
A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed or is about to commit an offense. LSA-C.Cr.P. art. 215.1. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Chopin, 372 So.2d 1222 (La.1979). Reasonable suspicion required for an investigatory stop is something less than probable cause required for an arrest. State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984); State v. Johnson, 557 So.2d 1030, 1033 (La. App. 4th Cir.1990). Reasonable cause to stop and question a suspect must be determined on a case-by-case basis. State v. Thomas, 583 So.2d 895, 898 (La.App. 1st Cir.1991). This is determined by the officer's ability to articulate specific reasons on which he bases his reasonable suspicion. State v. Dickerson, 579 So.2d 472, 480 (La. App. 3d Cir.1991), writ granted in part on other grounds, 584 So.2d 1140 (La.1991).
Officer Slack testified that just before he approached the defendant, he called the reporting officers on the radio and requested the wanted subject's description again. The defendant matched the description, which was primarily a clothing description. The defendant was going to be briefly detained to give the other officers time to come identify him. Officers Slack and Coffy had reasonable suspicion to detain the defendant based on the fact that the defendant's clothing matched the description given. Once Officer Slack saw the bulge in the defendant's back, he had every right to pat him down, and then search him for his own protection after feeling a hard object. State v. Johnson, supra. Because the defendant's arrest for possession of a concealed weapon followed from a legal stop and search, the subsequent identification procedure was not tainted.
This assignment has no merit.

PRO SE ASSIGNMENT OF ERROR NO. 14
In this assignment, the defendant argues that the trial court should have given an instruction on circumstantial evidence. However, the failure to give a circumstantial evidence charge does not constitute reversible error if there is sufficient evidence to support the conviction. State v. Walters, 582 So.2d 317, 324-325 (La.App. 4th Cir.1991), writ denied 584 So.2d 1171 (La.1991). The Court stated:
When a conviction is based upon both direct and circumstantial evidence, and the trial court has not adequately instructed the jury on the standard for circumstantial evidence, an appellate court must review the sufficiency of the evidence under the standard enunciated in Jackson v. Virginia, *598 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The reviewing court must resolve any conflict in the direct evidence in the light most favorable to the prosecution. The conviction should be affirmed if there are facts established by the direct evidence, and inferred from the circumstantial evidence, sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. State v. Davis, 562 So.2d 1173 (La.App. 4th Cir. 1990); State v. Bacot, 551 So.2d 29 (La. App. 4th Cir.1989).
The trial court gave no jury instructions regarding circumstantial evidence even though there was both direct and circumstantial evidence presented. The trial court erred in failing to give a jury charge on circumstantial evidence. However, even though the trial court's failure to do so was erroneous, it does not constitute reversible error if there is sufficient evidence to support the conviction. Davis, supra.

Armed robbery is the taking of anything of value which belongs to another from his person or is in his immediate control through the use of force or intimidation and while armed with a dangerous weapon. La.R.S. 14:64. Attempted armed robbery requires specific intent to commit the offense of armed robbery, combined with an act or omission tending directly towards the accomplishing of the offense. La.R.S. 14:27. The defendant does not dispute that the elements of armed robbery and attempted armed robbery were sufficiently proven. What he does dispute is that the State failed to prove beyond a reasonable doubt that he was the one who committed those offenses.
The State produced sufficient evidence to prove beyond a reasonable doubt that the defendant was the one who committed the crimes charged.... The defendant contends that the testimony of the State's witnesses was not credible. The credibility of witnesses is just one factor to be considered in reviewing the overall sufficiency of the evidence under Jackson v. Virginia, supra. State v. Mussall, 523 So.2d 1305 (La.1988). The jury obviously found the testimony of the State's witnesses credible. Viewing all of the evidence in the light most favorable to the prosecution, any rational trier of fact could have found all of the essential elements of the crimes for which the defendant was convicted, present beyond a reasonable doubt. This assignment of error is without merit.
The instant case is indistinguishable from Walters. The defendant was charged and convicted of violating La.R.S. 14:64, relative to armed robbery. The victim made a pretrial and in court identification of the defendant. She also identified him as the person who robbed her the previous night, and recounted the defendant's reference during the second robbery to the previous night's crime. The only circumstantial evidence presented was the phone call by an unidentified male shortly before the armed robbery wherein the man said "I will be back." The State's inference of course is that the defendant made the phone call.
The defense never contended that the victim was not the subject of two robberies. The defendant presented evidence of an alibi for the night of the first robbery so that the jury would find that he could not have been the robber on the second night because he was not the robber on the first night; he also wanted the jury to infer from the circumstantial evidence that the same person robbed Ms. Davis both nights.
The alibi witnesses presented by the defense could only account for his whereabouts up to the approximate time of the first robbery. The jury in a credibility determination found that the victim's identification was reliable, either finding that the defense witnesses were not credible or simply were mistaken about the times when they last saw the defendant, which was in the same general area as the robberies.[1] The jury's credibility determination should not be reversed.
*599 Viewing all of the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that all of the essential elements of the crime for which the defendant was convicted were present beyond a reasonable doubt. The failure to give an instruction on circumstantial evidence, assuming the court failed to do so, is harmless.[2]
Defendant has filed two pro se motions, post-argument, requesting that this Court order that the record be supplemented with the transcript of a January 26, 1983 mistrial, the transcript of a December 15, 1982 motion hearing and the transcript of the jury instructions from the June 8, 1983 trial. Defendant is incorrect as to the transcript of the December 15th hearing. It is contained in the record. Defendant seeks to show by this transcript that at the time of his arrest for being a convicted felon in possession of a firearm that he was not identified as the suspect in an attempted car burglary. This evidence is not relevant to the two offenses that the defendant has been convicted of.
A minute entry and docket master indicate that trial was originally scheduled for January 26, 1983, but there is nothing in the record to reflect what actually occurred that day. A subsequent minute entry on February 2, 1983 indicates that trial was rescheduled for March 24, 1983. Defendant alleges that a mistrial took place this day and he seeks to show by the transcript that the victim who positively identified him perjured herself because of inconsistencies in testimony she gave at the mistrial with her testimony at the June 8, 1983 trial of this matter. Defendant has raised this issue previously and we have reviewed it, infra pro se assignment of error no. 4, and found it to lack merit. Defendant fails to allege any particularized need for this evidence. His request to supplement the record with the transcript of a January 26, 1983 mistrial, if one exists, is denied.
Finally, defendant seeks to show by the transcript of the jury instructions from the June 8, 1983 trial that the trial court failed to give the jury an instruction as to circumstantial evidence. Again defendant fails to allege a particularized need for this evidence where his conviction was pursuant to a positive identification not circumstantial evidence. His request to supplement the record with the jury instruction from the June 8, 1983 trial is also denied.
For the foregoing reasons, the defendant's convictions and sentences are affirmed. His counsel's motion to withdraw is granted. His motions to supplement the record are denied.

CONVICTIONS AND SENTENCES AFFIRMED, MOTIONS GRANTED.
BARRY, Judge, concurs with reasons.
I dissented from the December 9, 1994 order which required appellate counsel to file additional arguments relating to a reasonable doubt instruction and excessive sentence.
Those claims were not arguable on appeal. I therefore concur.
NOTES
[1] The robberies occurred at 841 Royal Street. The defendant's girlfriend testified that she last saw him at the corner of Canal and Camp Streets. Robert Fulford testified that he saw the defendant walking on Orleans Avenue, approximately one-half mile from the Municipal Auditorium, at about 11:00 o'clock. The robbery occurred somewhere around 10:00 p.m.
[2] The record before this Court does not contain the jury instructions. The defense did not make any objections to the charges presented by the Court. The issue has been treated in this appeal because of the appellant's various pro se assignments touching on ineffective counsel.