# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-1636

**STATE OF LOUISIANA**

**VERSUS**

**JAMES ALLEN DRAKE, JR.**

**********
APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 265627
HONORABLE F. RAE DONALDSON SWENT, DISTRICT JUDGE

**********
**ULYSSES GENE THIBODEAUX**
**CHIEF JUDGE**
**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and J. David Painter, Judges.

**AFFIRMED.**

**William R. Campbell, Jr.**
**Louisiana Appellate Project**
**700 Camp Street**
**New Orleans, LA 70130**
**Telephone: (504) 528-9500**
**COUNSEL FOR:**
        **Defendant/Appellant - James Allen Drake, Jr.**

**James C. Downs**
**District Attorney - Ninth Judicial District Court**
**Michael W. Shannon**
**Assistant District Attorney**
**P. O. Drawer 1472**
**Alexandria, LA 71309**
**Telephone: (318) 473-6650**
**COUNSEL FOR:**
        **Plaintiff/Appellee - State of Louisiana**

THIBODEAUX, Chief Judge.

The Defendant, James Allen Drake, Jr., appeals his conviction by a jury of five counts of armed robbery, violations of La.R.S. 14:64. He contends that the trial court erred by allowing testimony regarding a previous robbery and subsequent conviction in violation of Article 404(B)(1) of the Louisiana Code of Evidence.

For the following reasons, we affirm.

## FACTS

From January, 2002, to May, 2002, a series of armed robberies occurred; on each occasion, the perpetrator wore a mask or disguise that concealed his identity. Following a robbery on May 10, 2002, witnesses observed a man run from an Exxon Station and jump into the back of an El Camino. One of the witnesses testified that she saw a white woman sitting in the driver's seat, and after the man jumped into the back of the vehicle, she drove off. The witness noted the license plate number of the El Camino and provided it to the police. One week after the robbery of the Exxon, the Defendant was arrested along with Betty Delrie.

## LAW AND DISCUSSION

Defendant alleges the trial court erred when it allowed testimony regarding evidence of other crimes in violation of the exceptions set forth in Article 404(B)(1) of the Louisiana Code of Evidence. The Defendant asserts that the testimony regarding the conviction for a robbery committed in 1989 was inadmissible "due to the fact that it attacks Mr. Drake as though he testified when he did not," and because by showing that a previous jury had found him guilty of the earlier robbery, the State wrongfully and impermissibly attacked the Defendant's character.

1

After the jury was selected, but before the State's opening statement, the court heard *Prieur* arguments during which the Defendant objected to the admission of Ms. Delrie's testimony regarding Defendant's conviction for the robbery of the D & D Texaco in 1989. Ms. Delrie testified that the Defendant intended to rob the D & D Texaco because his previous attempt to rob that store had resulted in his apprehension, conviction and incarceration. During the discussion of this issue, counsel for the defense gave the following reasons for objecting to the testimony:

> I've divided Ms. Delrie's statement in two parts. I think the Court has to make a determination as to what, __ (inaudible) as to whether they are admissible. The first statement that Mr. Drake is quoted as saying, "I . . . I'm going to rob that store" is possibly admissible if it's done in close . . . very close proximity of the act because then you have . . . it becomes an integral part of it. The second . . . the second part of the statement, the why I'm gonna do this is absolutely irrelevant to these proceedings. All it does is paint James Allen Drake as a . . . a professional criminal with little or no probative value as to his guilt or innocence as to that particular robbery committed by somebody in 2002. It is far more prejudicial than . . . that [sic] probative. And it should be excluded because of that.

The trial court denied the Defendant's objection:

THE COURT:

> I don't have any difficulty accepting that it's part of motive. If it was appropriately said and the connexity can be shown I do believe it's relevant and goes to motive. The motive for any crime is always relevant. And, therefore, I would deem it relevant if the time connexity is established.

In its brief to this court, the State asserts that the evidence of the Defendant's conviction for the prior robbery was necessary to prove motive and to prove the identity of the perpetrator.

Louisiana Code of Evidence Article 404(B)(1), in pertinent part, provides:

2

[E]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident.

The Louisiana Supreme Court has held:

Simply put, the rule articulated in Article 404(B)(1) prohibits the State from introducing evidence of other crimes, wrongs, or acts to show a probability that the accused committed the charged crime because he is a "bad" person who has a propensity for this type of offense. This court has long recognized that evidence of previous criminal activity does affect, reasonably or not, the opinions of the jurors sitting in judgment. *See State v. Moore*, 278 So.2d 781, 787 (La.1972) (on rehearing). Therefore, the admissibility of other unrelated misconduct "involves substantial risk of grave prejudice to a defendant." *State v. Prieur*, 277 So.2d 126, 128 (La.1973) (citing 1 Wigmore, *Evidence*, § 194 (3rd ed.)).

. . . .

Still, as we explained in *State v. Miller*, 98-0301, pp. 3-4, 718 So.2d at 962, several statutory and jurisprudential rules govern the admissibility of other crimes evidence even when one or more of these permitted purposes is asserted. Foremost, at least one of the enumerated purposes in Article 404(B) "must be at issue, have some independent relevance, or be an element of the crime charged in order for the evidence to be admissible." *State v. Jackson*, 625 So.2d 146, 149 (La.1993); *see also State v. Ledet,* 345 So.2d 474 (La.1977). Additionally, the evidence, even if independently relevant, must be excluded if its probative value is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, misleading of the jury, or by considerations of undue delay or waste of time. La.Code Evid. art. 403; *see also State v. Moore*, 278 So.2d at 786. Finally, the requirements set forth in *State v. Prieur,* 277 So.2d at 130, must be met.

*State v. Kennedy*, 00-1554, pp. 5-6 (La. 4/3/01), 803 So.2d 916, 920-21.

### *Motive*

The State asserts that the testimony regarding the prior robbery conviction was necessary in order to show the Defendant's motive for that particular robbery. The State asserts that the Defendant's motive for robbing the D & D Texaco was revenge or "pay-back" for the 1989 robbery attempt resulting in the Defendant's conviction and incarceration.

In *State v. Sutfield*, 354 So.2d 1334, 1337 (La.1978), the supreme court held that in order to have relevance, the motive established by the other crime must be "factually peculiar to the victim and the charged crime," rather than a general motive, such as an interest in monetary gain. The Defendant's statement to Ms. Delrie indicated that his motive to rob the D & D Texaco in February, 2002, was formed, at least in part, by the fact that he had previously attempted to rob the same store:

> Q   Do you remember while being in the company of Mr. Drake during . . . around that period of time Mr. Drake say . . . telling you something about D & D Texaco?
>
> A   Yes.
>
> Q   Now what did he tell you?
>
> A   He had robbed it before and got caught.
>
> Q   And what did he tell you he was gonna do?
>
> A   Rob it again.
>
> Q   Did he give you any details concerning the prior robbery?
>
> A   That was it.
>
> Q   That's a yes or a no question. Did he give you details about the prior robbery or did he not?
>
> A   Yes.

MR. SHANNON:

Are you referring to the '89 robbery?

MR. KUTCH:

The '89 robbery.

BY MR. KUTCH:

A    Yes.

Q    What details did he tell you?

A    Said he had robbed it before and he'd got caught.

Q    Anything other than that?

A    That he wasn't educated enough then is why he got caught.

The testimony of Ms. Delrie shows that the Defendant's motive was sufficiently peculiar to the victim, the same store he had previously robbed, and to the charged crime such that the evidence was admissible under the application of the *Sutfield* standard. *See also* La.Code Evid. art. 404(B)(1).

### *Identity*

Each of the robberies for which the Defendant was convicted involved a perpetrator who wore a mask or other disguise. None of the robbery victims were able to provide a positive identification of the Defendant as the person who committed the offense. Following the May 10, 2002 robbery of an Exxon Station, eyewitnesses saw a man running from that location and provided the Alexandria Police Department with the license plate number of the automobile into which he jumped. Based on that license number, the Defendant was then arrested along with Ms. Delrie. Following the arrests, Ms. Delrie made a statement to the police in which she indicated that the Defendant had committed the robberies at issue.

When identity is an issue, evidence of other crimes is admissible to prove identity. *State v. Phillips*, 92-1063 (La.App. 4 Cir. 2/29/96), 670 So.2d 588, *writ denied*, 96-2131 (La. 9/5/97), 699 So.2d 85; La.Code Evid. art. 404(B)(1). Because the Defendant wore a mask or other item obscuring his face, none of the witnesses, other than Ms. Delrie, could identify the Defendant as the perpetrator of the robberies. Therefore, the identity of the perpetrator was an issue; the evidence was, therefore, properly admissible.

For the reasons discussed above, the trial court did not err when it granted the State's motion to introduce the evidence of the conviction for the 1989 D & D Texaco robbery at Defendant's trial.

## ERRORS PATENT

After reviewing the record, we find one error patent and one error in the minutes of sentencing.

First, the trial court improperly informed the Defendant that he had two years from the date of sentencing to file an application for post-conviction relief. Under La.Code Crim.P. art. 930.8, the Defendant has two years after the judgment of conviction and sentence have become final to apply for post-conviction relief. Thus, the trial court is directed to inform the Defendant of the correct provisions of Article 930.8 by sending appropriate written notice to the Defendant within ten days of the rendition of this opinion and to file written proof that the Defendant received the notice in the record of the proceedings.

The transcript of sentencing indicates the trial court imposed a twenty-five-year sentence on *each count*, but the minutes of sentencing fail to reflect such. Accordingly, the trial court is instructed to amend the minutes of sentencing to

6

correctly reflect that the trial court imposed a twenty-five-year sentence on *each count* of armed robbery.

## CONCLUSION

The Defendant's convictions are affirmed.

The trial court is directed to inform the Defendant of the correct provisions of Article 930.8 by sending appropriate written notice to him within ten days of the rendition of this opinion and to file written proof that the Defendant received the notice in the record of the proceedings. Additionally, the trial court is instructed to amend the minutes of sentencing to correctly reflect that the trial court imposed a twenty-five-year sentence on *each count* of armed robbery.

**AFFIRMED**.