PER CURIAM:
Denied. Relator has failed to show the state withheld material exculpatory evidence in violation of Brady v. Maryland , 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). La.C.Cr.P. art. 930.2. We attach hereto and make a part hereof the district court's written reasons denying relator's application.
Relator has now fully litigated two applications for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator's claims have now *288 been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.
Attachment
STATE OF LOUISIANA CRIMINAL DISTRICT COURT FOR THE PARISH OF ORLEANS SECTION J
STATE OF LOUISIANA CASE No. 375-712 V. CHARLES NICHOLSON
ORDER
To comport with the dictates of the due process clause of the Fourteenth Amendment, the State must disclose to the defense evidence that is favorable to the defense and is material to guilt or punishment.Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); State v. Porter, 98-0279 (La.App. 4 Cir. 3/15/00), 756 So.2d 1156, writ denied, 2000-1135 (La.1/10/02), 790 So.2d 3. Included in this rule is evidence that impeaches the testimony of a witness whose credibility or reliability may determine guilt or innocence.Giglio v. U.S., 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). "[T]he prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial, that is, evidence favorable to the defendant which is material to guilt or punishment."State v. Rosiere, 488 So.2d 965, 970 (La.1986). See also Porter, supra.
Materiality was defined in U.S. v. Bagley, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985): "The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A `reasonable probability' is a probability sufficient to undermine confidence in the outcome." The same test is to be employed whether or not the defense makes a pretrial request for exculpatory evidence.Bagley; State v. Phillips, 92-1063 (La.App. 4 Cir. 1996), 670 So.2d 588.
*289 In Kyles v. Whitley, 514 U.S. 419, 434-435, 115 S.Ct. 1555, 1565-1566, 131 L.Ed.2d 490 (1995), the Court discussed "materiality":
Although the constitutional duty is triggered by the potential impact of favorable but undisclosed evidence, a showing of materiality does not require demonstration by a preponderance that disclosure of the suppressed evidence would have resulted ultimately in the defendant's acquittal (whether based on the presence of reasonable doubt or acceptance of an explanation for the crime that does not inculpate the defendant). . . . Bagley's touchstone of materiality is a reasonable probability of a different result, and the adjective is important. The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence. A reasonable probability of a different result is accordingly shown when the Government's evidentiary suppression undermines confidence in the outcome of the trial. Bagley, 473 U.S., at 678, 105 S.Ct., at 3381.
The second aspect of Bagley materiality bearing emphasis here is that it is not a sufficiency of evidence test. A defendant need not demonstrate that after discounting the inculpatory evidence in light of the undisclosed evidence, there would not have been enough left to convict. The possibility of an acquittal on a criminal charge does not imply an insufficient evidentiary basis to convict. One does not show a Brady violation by demonstrating that some of the inculpatory evidence should have been excluded, but by showing that the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict.
After reviewing the evidence, hearing argument, and testimony, the defendant's Brady claims do not show that there would have been a reasonable probability of a different result. As such, the trial verdict in this case stands with confidence. The defendant's Post-Conviction Relief Application is DENIED.
NEW ORLEANS, LOUISIANA, this ____ day of _________, 2016.
Judge Darryl A. Derbigny